IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOE R. ALVARADO,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | ORDER DENYING MOTION PURSUANT<br>TO 28 U.S.C. § 2255<br><br><br><br><br>Case No.  1:07-cv-00039 |

On October 13, 2004, this court sentenced Joe Alvarado, following his conviction after trial by jury.  Mr. Alvarado has now filed a petition for relief pursuant to 28 U.S.C. § 2255, challenging the effectiveness of his counsel.  Because the record specifically and clearly belies Mr. Alvarado's claims of error, the court DENIES his motion.

## BACKGROUND

A grand jury indicted Mr. Alvarado of various drug-related crimes on November 20, 2003.  Among other things, Mr. Alvarado was indicted for possessing methamphetamine with the intent to distribute it, and possessing a firearm and ammunition as a convicted felon.  A jury found Mr. Alvarado guilty of three counts on July 30, 2004.  On October 13, 2004, the court sentenced Mr. Alvarado to life in prison, pursuant to the Sentencing Guidelines.  The court entered judgment on October 14, 2004.

Mr. Alvarado appealed this sentence, as well as the verdict rendered against him. On appeal, Mr. Alvarado challenged the probable cause for the initial stop of him, and he claimed constitutional error in the imposition of his sentence under *United States v. Booker*.[1] The Tenth Circuit rejected Mr. Alvarado's claims. Basically, the Tenth Circuit found that police officers' stop and detention of Mr. Alvarado was proper, as the officers had an objectively reasonable and articulable suspicion Mr. Alvarado was involved in criminal conduct. The court also affirmed Mr. Alvarado's sentence, finding it was not unlawfully enhanced.

On March 28, 2007, after the Supreme Court denied his petition for a writ of certiorari, Mr. Alvardo petitioned the court to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. This petition is at issue here.

**DISCUSSION**

The court must deny Mr. Alvarado's § 2255 petition because the record evidence does not support Mr. Alvarado's claims of his counsels' ineffectiveness. No hearing is necessary in this case because Mr. Alvarado's allegations are directly contravened by the record or simply do not constitute ineffectiveness on the part of his counsel.[2]

Section 2255 only allows a court to grant relief if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights

---

[1] 543 U.S. 220 (2005).

[2] *See Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000).

of the prisoner as to render the judgment vulnerable to collateral attack."[3]  Mr. Alvarado alleges his attorney was ineffective but has failed to show his attorney's performance was constitutionally lacking.

To establish his counsel was ineffective, Mr. Alvarado must show his counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."[4]  To satisfy the first prong, Mr. Alvarado's representation must have fallen below an objective standard of reasonableness.  Additionally, he must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[5]  The court looks at an ineffective assistance of counsel claim with "a strong presumption that counsel provided effective assistance," and Mr. Alvarado "has the burden of proof to overcome that presumption."[6]  This burden cannot be met with conclusory allegations alone.[7]  Instead, resolution of such a claim requires the development of a factual record.[8]  Finally, the court "may address the performance and prejudice components in any order and need not address both if a

---

[3] 28 U.S.C. § 2255.

[4] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000)).

[5] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[6] *Kennedy*, 225 F.3d at 1197 (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[7] *See Cannon v. Gibson*, 259 F.3d 1253, 1262 n.8 (10th Cir. 2001).

[8] *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

petitioner fails to make the requisite showing for one."[9]

In this case, Mr. Alvarado has failed to overcome the strong presumption of effectiveness. Mr. Alvarado claims his attorney committed multiple errors. Specifically, he alleges his counsel improperly failed to: (1) move the court to suppress Mr. Alvardo's incriminating statements; (2) familiarize himself with Mr. Alvardo's case; (3) pursue a ruling on a motion to suppress Mr. Alvarado's statements and consent to search his girlfriend's home; (4) move to suppress evidence seized from 2539 Orchard Avenue in Bountiful, Utah, (5) move for resumption of the evidentiary hearing; (6) move to dismiss the indictment, (7) properly explain the consequences of going to trial versus pleading guilty; (8) move to have the government choose which of the firearms counts to dismiss; (9) request a jury instruction advising the jury not to consider Count IV if the jury found Mr. Alvarado guilty of Count III; (10) explain Mr. Alvarado's right to testify; (11) ask the court to poll the jurors before discharging them; (12) object at sentencing to the government's late filing of an § 851(a) enhancement penalty; and (13) properly challenge the § 851(a) enhancement penalty.  As Mr. Alvarado has failed to show any deficiency in his counsel's performance or any prejudice suffered, the court must deny his petition.

    *(A)    Deficiency of Performance*

Mr. Alvarado has provided no evidence supporting his ineffectiveness claim.  Instead, he makes conclusory allegations.  In doing so, Mr. Alvarado has failed to show any of his representation fell below the standard of reasonableness.  The court addresses each of Mr. Alvardo's claims in turn.

---

[9] *See Walker*, 228 F.3d at 1231.

Reasonableness of any attorney's performance "is to be evaluated from counsel's perspective at the time of the alleged error and in light of all of the circumstances."[10]  If counsel's performance falls "within the wide range of reasonable professional assistance," the court applies a strong presumption of effectiveness.[11]  Because the court greatly defers to the decisions of counsel, a petitioner must meet a heavy burden to overcome the presumption of reasonableness.[12]

At the outset, Mr. Alvarado's claims regarding Fourth Amendment issues fail.  Fourth Amendment claims are not available on a collateral attack where the prisoner had a full and fair opportunity to litigate the issues at trial.[13]  In this case, the record shows Mr. Alvarado had (and took) the opportunity to challenge the seizure of evidence and the admissibility of his statements at trial.  In fact, Mr. Alvarado's counsel seems to have diligently asserted every reasonable argument on Mr. Alvarado's behalf — it is hard to conceive of anything counsel could have challenged that he did not.  For instance, on May 6, 2004, the court held a motion hearing on an oral defense motion to suppress the consent to search.  Then, on July 6, 2004, Mr. Alvarado filed a motion to suppress evidence seized from 2539 Orchard Avenue.  Mr. Alvarado also filed motions for discovery, disclosure of the government's expert testimony, and disclosure of the identity of the confidential informant.  The court held a hearing on these motions on July 14, 2004, denying them.  Then, on July 29, 2004, before trial, the court met with counsel to discuss

---

[10] *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

[11] *Strickland*, 466 U.S. at 689.

[12] *Kimmelman*, 477 U.S. at 381.

[13] *See United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

the admissibility of Mr. Alvarado's statements.  The court ultimately excluded one statement but admitted the other.

Defense challenges continued past the pretrial stage.  During the jury trial itself, defense counsel objected to the voluntariness of the statement the court had deemed admitted.  The court found the statement to have been given voluntarily, and found a *Miranda* warning to have been unnecessary.  Defense counsel then challenged the consensual nature of search of the home.  The court heard testimony on that issue, and denied the motion.  Also at trial, defense counsel renewed the earlier motion to suppress and moved to dismiss the indictment.  Ultimately, the court denied these motions and the trial continued.

These actions by his counsel also undercut Mr. Alvarado's claim that his counsel had insufficient familiarity with his case.  Indeed, not only did defense counsel raise these issues, Mr. Alvarado also raised some of the issues on appeal.  Mr. Alvardo appealed the court's denial of his motion to suppress and the Tenth Circuit affirmed the court's findings.  And issues decided on direct appeal will not generally be considered in a § 2255 motion.[14]

Mr. Alvarado also contends his trial counsel erred by not moving to dismiss the indictment due to procedural defects.  Specifically, Mr. Alvarado claims the indictment was not returned in open court.  But as with Mr. Alvarado's other bare claims, Mr. Alvarado points to no evidence supporting this claim.  Of course, Mr. Alvardo was not present when the indictment was returned, so his assertions on this subject are not competent evidence.  Mr. Alvarado also alleges the indictment was defective because it charged him with two violations of 18 U.S.C. §

---

[14] *See United States v. Prichard*, 875 F.2d 789, 790–91 (10th Cir. 1989).

922(g) (one in count III and one in count IV), and both counts addressed the same firearm and the same factual circumstances; thus, the counts were multiplicitous.[15]  This claim of error fails because Mr. Alvarado was only convicted and punished for one of the § 922(g) counts — he was acquitted of the other count.  In other words, any multiplicity of the counts was clearly harmless in this case.[16]  Further, the evidence against Mr. Alvarado was overwhelming, so it is unrealistic to think that a multiplicitous charge resulted in a compromised verdict or an assumption of guilt on any other count.  For the same reasons, Mr. Alvarado's claim of error fails regarding his counsel's failure to request that the jury not consider count IV if it found Mr. Alvarado guilty of count III.

In a related argument, Mr. Alvarado contends his attorney should have filed a motion objecting to the court sentencing Mr. Alvarado on count III when he was acquitted on count IV — a charge involving the same firearm and same factual circumstances.  But an acquittal on one count did not bar a conviction and sentencing on the other because the elements of the counts differ.  The charge in count III concerned a felon in possession of a firearm, while those in count IV involved an unlawful user of a controlled substance in possession of a firearm.  Thus, an acquittal of one does not require an acquittal of the other.

According to Mr. Alvarado, the court also erred by not granting his request for a new attorney.  But the court correctly denied Mr. Alvarado's request.  First, Mr. Alvarado's request for a substitution was untimely, as the case was far advanced.  The request came about one week

---

[15] *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997).

[16] *See, e.g., id.*

before trial. Further, Mr. Alvarado presented no evidence of a breakdown in communication between himself and his trial counsel. Indeed, the court determined Mr. Alvarado's motion had been filed specifically for the purpose of delaying the proceedings and creating confusion. The court sees no error in this determination.

In another claim of error, Mr. Alvarado argues his attorney failed to properly explain the option of going to trial versus pleading guilty and failed to facilitate any communication with the government regarding a possible plea. To establish ineffective assistance of counsel in a plea context, the petitioner must show his counsel's performance was deficient, and "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[17] The inverse applies where the petitioner alleges ineffective assistance led him to reject a plea agreement and proceed to trial.[18] Defense attorneys have an obligation to inform their clients of plea agreements offered by the prosecution, and defendants must be involved in the decision to accept or reject a plea.

In this case, the evidence in the record shows Mr. Alvarado was adequately informed of and involved in the plea process. For instance, a change of plea hearing had been set for April 26, 2004. But on April 22, 2004, defense counsel filed a motion to withdraw as counsel. In this motion, counsel explained that "[o]n the 22nd day of April, 2004 I received a letter from the defendant requesting that I withdraw from his case and he would not accept the plea arrangement

---

[17] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[18] *See Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir. 2001).

set for the 26th of April, 2004."[19]  In other words, Mr. Alvarado is the person who chose to pursue a trial course even after knowing of the plea agreement.  Mr. Alvarado himself decided not to accept the plea agreement, just days before the change of plea hearing.  In addition, on June 2, 2004, at a hearing Mr. Alvarado attended, defense counsel spoke about the plea negotiations and the fact that the defendant desired to go to trial and would not plead.  The defendant's presence at this hearing belies any claim that he was unaware of the plea possibilities or that did not reject the plea agreement.  In the end, Mr. Alvarado has failed to show there is a reasonable probability that he would have accepted the plea offered to him if only his attorney's advice had been different.

With regard to jury instructions, Mr. Alvarado argues his counsel's failure to object to the allegedly erroneous jury instructions resulted in him being tried on charges different from those alleged in the superseding indictment.  This claim is entirely baseless.  The language of Instruction 18 quotes the language of the superseding indictment accurately, including the term "actual methamphetamine."  There is no variation or amendment — the jury was instructed correctly.  To put it another way, there is no possibility the jury convicted Mr. Alavardo of an offense other than that charged in the superseding indictment.[20]

Mr. Alvarado further claims his counsel erred by failing to advise him of his constitutional right to testify.  This claim is belied by the trial record.  Mr. Alvarado himself quotes an exchange on record where his attorney advised him of his right to testify, but advised

---

[19] Mot. Withdrawal Counsel 1 (Case No. 1:03-cr-00125, Docket No. 23).

[20] *See United States v. Brown*, 400 F.3d 1242, 1253 (10th Cir. 2005).

him testifying would not be in his best interest.  In the same section of the record, Mr. Alvarado indicated he agreed with that advice.  The same sort of exchange occurred on the record at least one other time.

As yet another claim of error, Mr. Alvarado claims his attorney was ineffective for failing to timely request the jury be polled after returning with the verdict.  This claim (like all of Mr. Alvarado's other claims related to jury polling) fails because the record shows the jury was polled.  In other words, similar to Mr. Alvardo's other claims, this claim lacks any record support.

Additionally, Mr. Alvarado claims his counsel erred by failing to object at sentencing.  But the record shows otherwise.  On October 4, 2004, defense counsel filed an objection to the presentence report.  The court addressed the objections at a hearing on October 13, 2004.  Also on October 13, 2004, defense counsel filed a motion to dismiss the indictment, claiming the sentence imposed violated Mr. Alvarado's state and federal constitutional rights.

In a related argument, Mr. Alvarado contends his counsel erroneously failed to object to the late filing of the government's sentencing enhancement notice.  The fatal flaw in this argument is that the government did not file notice late.  The government was required to file notice before trial — in other words, before jury selection began.[21]  The government fulfilled this requirement by filing its notice at 8:25 a.m. on July 29, 2004, before the trial began.  The jury was not selected until later that day.  Therefore, as the government fully complied with § 851(a), defense counsel had no valid objection to raise.

---

[21] *See* 21 U.S.C. § 851(a).

Mr. Alvarado also argues one of his prior convictions did not qualify for a § 851(a) enhancement because it was a conviction for possession of a controlled substance. But the cases to which Mr. Alvarado cites in support of this proposition are inapposite. To put it another way, Mr. Alvarado has provided no legitimate factual grounds or legal arguments to support this claim.

Finally, Mr. Alvarado argues his appellate attorney was ineffective as well. Specifically, Mr. Alvarado claims his appeals counsel improperly failed to challenge his sentencing penalty. But, under *Almendarez-Torres v. United States*,[22] his counsel had no grounds to bring such a claim. Therefore, counsel's decision not to raise this issue can only be seen as reasonable.

In sum, although Mr. Alvarado baldly claims his attorneys were ineffective, he provides no evidence to support his argument — and the evidence in the record refutes it. He has flatly failed to show his counsel's performance fell outside the range of reasonableness. Mr. Alvarado's claim of cumulative error also fails for this reason. As Mr. Alvarado has not met the first prong of *Strickland* by showing ineffective performance, the court must deny his petition.

*(B)    Prejudice*

Even if Mr. Alvarado had established a deficiency in his counsel's performance, the court must deny his § 2255 petition because he has not shown prejudice resulted.

To meet the second prong of *Strickland*, Mr. Alvarado must show "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[22] 523 U.S. 224 (1998).

been different."[23]  "A reasonable probability is probability sufficient to undermine confidence in the outcome."[24]  With regard to retrospective claims that a petitioner would have fared better if only his counsel had filed more or different motions, the court requires evidence prejudice resulted.[25]

In this case, Mr. Alvarado has not established that but for any deficiency by his counsel, the outcome would have been different.  Further, with regard to his retrospective claims, Mr. Alvarado has offered no evidence of resulting prejudice.  Instead, as discussed before, the record shows that during all phases of the proceedings, Mr. Alvarado's counsel filed numerous motions and raised many objections addressing the meritorious arguments in Mr. Alvarado's case.  It is unrealistic to think the results for Mr. Alvarado would be different if only counsel's motions had been different or even more numerous.  Counsel's arguments were limited by the unfavorable facts.  Mr. Alvarado's attorneys did the best with what they had: "When, as here, the prosecution has an overwhelming case, 'there is not too much the best defense attorney can do.'"[26]

---

[23] *Strickland*, 466 U.S. at 694.

[24] *Id.*

[25] *United States v. Rivera*, 900 F.2d 1462 (10th Cir. 1990).

[26] *Id.* at 1474 (10th Cir. 1990) (quoting *United States v. Katz*, 425 F.2d 928, 930 (2d Cir. 1970)).

## CONCLUSION

Because the trial record undercuts Mr. Alvarardo's specific claims of error and Mr. Alvarado has shown no prejudice, the court must DENY his § 2255 motion. The clerk's office is directed to close the case.

DATED this 20th day of July, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge